UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **BY YOUR SIDE HOME CARE SERVICES, INC.**; **RUFINO LUGOD, JR.**, an individual; **JULIET QUIJANO**, an individual; **MARIA LUGOD**, an individual; and **JUANITO QUIJANO, JR.**, an individual, <br><br> Defendants. | Civil Action <br><br> Case No.: |

## COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin **BY YOUR SIDE HOME CARE SERVICES, INC.**; **RUFINO LUGOD, JR.**, an individual; **JULIET QUIJANO**, an individual; **MARIA LUGOD**, an individual; and **JUANITO QUIJANO, JR.**, an individual, (hereinafter collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to sections 16(c) and 17 of the Act. 29 U.S.C. §§ 216(c), 217.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant **BY YOUR SIDE HOME CARE SERVICES, INC**, is and, at all times hereinafter mentioned, was an Illinois S-Corporation with an office and place of business within DuPage County at 28 East Hinsdale Avenue, Ste. 3, Hinsdale, Illinois 60521, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged providing in-home care services to the elderly and sick in Illinois.

(B)     Defendant **RUFINO LUGOD, JR.**, an individual, is and, at all times hereinafter mentioned, was an owner of corporate defendant, **BY YOUR SIDE HOME CARE SERVICES, INC.,** and was engaged in business at 28 East Hinsdale Avenue, Ste. 3, Hinsdale, Illinois 60521,within the jurisdiction of this Court. At all times hereinafter mentioned, **RUFINO LUGOD, JR.** acted directly or indirectly in the interest of corporate defendant **BY YOUR SIDE HOME CARE SERVICES, INC.,** in relation to its employees, actively managing its day-to-day operations as its President and General Manager, supervising employees, and controlling pay practices, and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

(C)     Defendant **JULIET QUIJANO**, an individual, is and, at all times hereinafter mentioned, was an owner of corporate defendant, **BY YOUR SIDE HOME CARE SERVICES, INC.,** and was engaged in business at 28 East Hinsdale Avenue, Ste. 3, Hinsdale, Illinois 60521,within the jurisdiction of this Court. At all times hereinafter mentioned, **JULIET QUIJANO** acted directly or indirectly in the interest of corporate defendant **BY YOUR SIDE HOME CARE SERVICES, INC.,** in relation to its employees, actively managing its day-to-

day operations as its Homecare Director, supervising employees, and controlling pay practices, and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

(D) Defendant **MARIA LUGOD**, an individual, is and, at all times hereinafter mentioned, was a Director of corporate defendant, **BY YOUR SIDE HOME CARE SERVICES, INC.,** and was engaged in business at 28 East Hinsdale Avenue, Ste. 3, Hinsdale, Illinois 60521,within the jurisdiction of this Court. At all times hereinafter mentioned, **MARIA LUGOD** acted directly or indirectly in the interest of corporate defendant **BY YOUR SIDE HOME CARE SERVICES, INC.,** in relation to its employees, actively managing its day-to-day operations as its Finance Director, supervising employees, and controlling pay practices, and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

(E) Defendant **JUANITO QUIJANO, JR.**, an individual, is and, at all times hereinafter mentioned, was a Director of corporate defendant, **BY YOUR SIDE HOME CARE SERVICES, INC.,** and was engaged in business at 28 East Hinsdale Avenue, Ste. 3, Hinsdale, Illinois 60521,within the jurisdiction of this Court. At all times hereinafter mentioned, **JUANITO QUIJANO, JR.** acted directly or indirectly in the interest of corporate defendant **BY YOUR SIDE HOME CARE SERVICES, INC.,** in relation to its employees, actively managing its day-to-day operations as its Secretary and H.R. Director, supervising employees, and controlling pay practices, and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

### III

The corporate defendant, **BY YOUR SIDE HOME CARE SERVICES, INC.**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

IV

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying some home care workers at a rate less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, Defendants paid some non-exempt home care workers a daily rate or a salary, regardless of the number of hours actually worked in a pay period. When the number of hours actually worked by these employees was divided by their total pay in a pay period, some employees made less than the required rate of $7.25 per hour, in violation of section 6 and 15(a)(2) of the Act. 29 U.S.C. § 206, 215(a)(2).

V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants paid employees engaged primarily as non-exempt home care workers a flat rate, a straight hourly rate, or a salary for all hours worked in a workday or workweek, even when employees worked in excess of forty hours in a workweek,

4

and thereby failed to pay rates not less than one and one-half times the regular rate at which they were employed for hours worked in excess of forty hours per week, in violation of section 7 of the Act. 29 U.S.C. § 207, 215(a)(2).

## VI

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516. Specifically, Defendants failed to maintain accurate time records for employees that accurately reflected the hours worked in a workday or a workweek and failed to accurately track overtime paid. 29 U.S.C. § 211(c), 215(a)(5).

## VII

During the period since April 11, 2018, Defendants have repeatedly violated the overtime and recordkeeping provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid minimum wages and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

      (1)    pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

      (2)    pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)    For an Order awarding Plaintiff the costs of this action; and

      (d)    For an Order granting such other and further relief as may be necessary or appropriate.

Dated: May 11, 2020

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ David Tanury*
**DAVID TANURY**
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn St., Room 844
Chicago, Illinois 60604
Telephone: 312-353-4454
Facsimile: 312-353-5698
Email: tanury.david.j@dol.gov